JUDGE GRIESA

11 CIV 7051

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TASHEEN DYER,

                            Plaintiff,

        v.

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE
OFFICER "JOHN DOE 1", (A pseudonym intended
to be the NYPD Transit arresting officer on
07/27/10), individually and in his official capacity,
ARRESTING POLICE OFFICERS "JOHN DOE 1
– 5", individually and in their official capacity,
FDNY FIRST RESPONDERS "FDNY JOHN DOE
1 – 5", individually and in their official capacity,

                            Defendants.

---

**RECEIVED**
OCT 06 2011
U.S.D.C. S.D. N.Y.
CASHIERS

COMPLAINT

PLAINTIFF DEMANDS A
TRIAL BY JURY

CASE NO. _____

---

        Plaintiff, **TASHEEN DYER**, by his attorneys, **SPAR & BERNSTEIN, PC**,

complaining of the defendants, respectfully states and alleges as follows:

## NATURE OF THIS ACTION

        1.      This action arises out of the intentional and negligent behavior of **THE CITY OF**

**NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER**

**"JOHN DOE 1"**, (A pseudonym intended to be the NYPD Transit arresting officer on

07/27/10)(hereinafter referred to as **POLICE OFFICER "JOHN DOE 1"**), individually and in

his official capacity, **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, individually

and in their official capacity, **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"**,

individually and in their official capacity wherein Plaintiff **TASHEEN DYER** was caused to

sustain severe and permanent burns as a result of said behavior.

        2.      Plaintiff **TASHEEN DYER** seeks compensation as a result of severe and

1

permanent injuries that resulted from the conduct of defendants who viciously, neglectfully, and negligently engaged in the following behavior: unreasonable and excessive force in violation of 42 U.S.C. § 1983; cruel and unusual punishment in violation of 42 U.S.C. § 1983; delay and denial of medical treatment and failure to protect while in custody in violation of 42 U.S.C. § 1983; violating the federal Constitutional rights of plaintiff; false arrest; excessive force; assault; battery; reckless conduct; false imprisonment and arrest; unlawful detention; intentional infliction of emotional distress; negligent infliction of emotional distress; gross negligence and negligence; deliberate indifference; and negligence in failing to care, protect, serve, and obtain medical treatment; all with the result that Plaintiff **TASHEEN DYER** was caused to endure, suffer intense anguish, and sustain 2nd degree burns which measure at approximately 11.8 inches by 5.9 inches (photographs of plaintiff's injuries are attached hereto as Exhibit "**A**").

3.    Specifically, on July 27, 2010, at approximately 4:00 p.m., while walking with his girlfriend in the area of West 23rd Street and 7th Avenue, New York, New York, Plaintiff **TASHEEN DYER**, a 24 year-old severe epileptic, went into an epileptic seizure, whereby he required urgent and immediate emergency medical services. Defendant **POLICE OFFICER "JOHN DOE 1"**, individually and in his official capacity, along with, upon information and belief, **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, individually and in their official capacity, and as agents, servants and/or employees of defendant **THE CITY OF NEW YORK** (hereinafter "**CITY OF NEW YORK**") and **THE NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**") and **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** ("**FDNY**"), acting in concert and under color of law, intentionally, recklessly and willfully subjected Plaintiff **TASHEEN DYER** to, *inter alia*, unreasonable and excessive force, cruel and unusual punishment, delay and denial of medical treatment and failure to protect while

in custody, violation of the Federal Constitutional rights of plaintiff; false arrest; excessive force; assault; battery; reckless conduct; false imprisonment and arrest; unlawful detention; intentional infliction of emotional distress; negligent infliction of emotional distress; gross negligence and negligence; deliberate indifference; negligence in failing to care, protect, serve, and obtain medical treatment.

4.    Ultimately, Plaintiff **TASHEEN DYER** seeks redress against defendants for their deliberate indifference and negligence with respect to customs, policies, and practices that permitted, condoned, and preserved an environment in which officers believed that they would be insulated from swift and effective investigation, prosecution, and conviction for even their most brazen acts of brutality. The inevitable result and proximate cause of this institutional indifference being the slow, torturous, painful, terror-filled and utterly inexcusable assault on Plaintiff **TASHEEN DYER**.

## JURISDICTION

5.    This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988; and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Jurisdiction is found upon 28. U.S.C. §§ 1331, 1343, and 1367(a). Plaintiff **TASHEEN DYER** further invokes the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

6.    Venue is proper in this district under 28 U.S.C. § 1391(b).

7.    Venue is laid within the United States District Court for the Southern District of New York and is proper in that defendant **CITY OF NEW YORK** is located, and a substantial part of the events giving rise to the claim occurred, within the boundaries of the United States District Court for the Southern District of New York.

3

## THE PARTIES

8.    At all times hereinafter mentioned, Plaintiff **TASHEEN DYER** was and still is a resident of the County of New York, City and State of New York.

9.    At all times hereinafter mentioned, defendant **CITYOF NEW YORK** was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

10.    At all times hereinafter mentioned, defendant **CITY OF NEW YORK** is the public employer of police officers, and non-uniformed personnel named as defendants in this action.

11.    At all times hereinafter mentioned, defendant **CITY OF NEW YORK** operated, maintained, managed, supervised and controlled a police department, specifically defendant **NYPD**, as part of and in conjunction with its municipal functions.

12.    At all times hereinafter mentioned, defendant **NYPD** is a City agency, existing and operating by virtue of the laws of the State of New York and the County of New York.

13.    At all times hereinafter mentioned, defendant **NYPD** was and still is a subdivision, department and/or agency of defendant **CITYOF NEW YORK.**

14.    At all times hereinafter mentioned, defendant **FDNY** is a City agency, existing and operating by virtue of the laws of the State of New York and the County of New York.

15.    At all times hereinafter mentioned, defendant **FDNY** was and still is a subdivision, department and/or agency of defendant **CITYOF NEW YORK.**

16.    In addition to the facts alleged in the following subparagraphs, the following defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and/or County of New York.

4

17.    At all times hereinafter mentioned, defendant **POLICE OFFICER "JOHN DOE 1"** was an employee of defendant **CITYOF NEW YORK.**

18.    At all times hereinafter mentioned, defendant **POLICE OFFICER "JOHN DOE 1"** was an employee of defendant **NYPD.**

19.    At all times hereinafter mentioned, defendant **POLICE OFFICER "JOHN DOE 1"** was personnel of defendant **CITY OF NEW YORK.**

20.    At all times hereinafter mentioned, defendant **POLICE OFFICER "JOHN DOE 1"** was personnel of defendant **NYPD.**

21.    At all times hereinafter mentioned, defendant **CITY OF NEW YORK** employed and supervised defendant **POLICE OFFICER "JOHN DOE 1".**

22.    At all times hereinafter mentioned, defendant **NYPD** employed and supervised defendant **POLICE OFFICER "JOHN DOE 1".**

23.    Upon information and belief, defendant **POLICE OFFICER "JOHN DOE 1"** was a graduate of the Police Academy of the City of New York.

24.    At all times hereinafter mentioned, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5",** the identity and number of whom is presently unknown, were employees of defendant **CITY OF NEW YORK**, duly appointed and acting as police officers in the **NYPD** and were agents, servants and/or employees of defendant **CITY OF NEW YORK,** acting in the course and scope of their employment as such and in furtherance of the interests and business of said employer.

25.    At all times hereinafter mentioned, defendant **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State

of New York.

26.     At all times hereinafter mentioned, defendants **FDNY FIRST RESPONDERS** **"FDNY JOHN DOE 1 – 5"**, the identity and number of whom is presently unknown, were employees of defendant **CITY OF NEW YORK**, duly appointed and acting as first responders in the **FDNY** and were agents, servants and/or employees of defendant **CITY OF NEW YORK**, acting in the course and scope of their employment as such and in furtherance of the interests and business of said employer.

27.     At all times hereinafter mentioned, defendant **FDNY FIRST RESPONDERS** **"FDNY JOHN DOE 1 – 5"** were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

## NOTICE OF CLAIM

28.     On October 14, 2010, Plaintiff **TASHEEN DYER**, in furtherance of his municipal causes of action, timely served and filed a notice of claim against the City of New York in compliance with General Municipal Law Section 50.

29.     On May 12, 2011, and prior to the commencement of this action, a statutory hearing was conducted of the Plaintiff **TASHEEN DYER** by defendants **CITY OF NEW YORK** and **NYPD**.

30.     That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendants **CITY OF NEW YORK** and **NYPD** for adjustment and they have neglected and/or refused to make adjustments or payment thereof.

31.     That this action is not commenced more than one year and ninety days after the cause of action accrued.

## STATEMENT OF FACTS

32.     At all times relevant hereto, the defendant **CITY OF NEW YORK** had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, defendant **POLICE OFFICER "JOHN DOE 1",** to conform his conduct to a standard for the protection of individuals, such as Plaintiff **TASHEEN DYER**, against the unreasonable risk of harm by conducting himself in such a manner so as not to intentionally, wantonly, recklessly and/or negligently inflict injuries to individuals such as plaintiff herein. In addition, at all times relevant hereto, the defendant **CITY OF NEW YORK** had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant **POLICE OFFICER "JOHN DOE 1"** , in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

33.     At all times relevant hereto, the defendant **NYPD** had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant **POLICE OFFICER "JOHN DOE 1"**, to conform his conduct to a standard for the protection of individuals, such as Plaintiff, against the unreasonable risk of harm by conducting himself in such a manner so as not to intentionally, wantonly, recklessly and/or negligently inflict injuries to individuals such as Plaintiff herein. In addition, at all times relevant hereto, the defendant **NYPD** had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officer **POLICE OFFICER "JOHN DOE 1",** in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

34.     At all times hereinafter mentioned, defendant **POLICE OFFICER "JOHN DOE 1"** was acting in his capacities as an employee, agent or servant of the defendant **CITY OF NEW YORK**.

7

35.     At all times hereinafter mentioned, defendant **POLICE OFFICER "JOHN DOE 1"** was acting in his capacities as an employee, agent or servant of the defendant **NYPD**.

36.     At all times hereinafter mentioned, defendant **POLICE OFFICER "JOHN DOE 1"** was acting under color of law.

37.     At all times relevant hereto, the defendant **CITY OF NEW YORK** had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting himself in such a manner so as not to intentionally, wantonly, recklessly and/or negligently inflict injuries to individuals such as Plaintiff herein.   In addition, at all times relevant hereto, the defendant **CITY OF NEW YORK** had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

38.     At all times relevant hereto, the defendant **CITY OF NEW YORK** had the duty to competently and sufficiently train, , defendants **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting himself in such a manner so as not to intentionally, wantonly, recklessly and/or negligently inflict injuries to individuals such as Plaintiff herein.  In addition, at all times relevant hereto, the defendant **CITY OF NEW YORK** had the duty to competently and sufficiently train the defendants **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** in the protections of the rights of Plaintiff under the Constitution and the Bill of Rights.

39.    At all times hereinafter mentioned, the defendants' acts constituted state action as they were acting under the color of state law.

40.    On July 27, 2010 at approximately 4:00 pm, Plaintiff **TASHEEN DYER** was a lawful pedestrian walking in the vicinity of the West 23rd Street and 7th Avenue, in the County, City and State of New York, when he was stopped, detained and arrested by defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendant **CITY OF NEW YORK** and/or **NYPD**, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the Plaintiff **TASHEEN DYER**.

41.    Upon information and belief, defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendants **CITY OF NEW YORK** and/or **NYPD**, wrongfully and improperly stopped, detained and arrested Plaintiff **TASHEEN DYER**.

42.    On July 27, 2010, defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendant **CITY OF NEW YORK** and/or **NYPD**, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative police behaviors and procedures, stopped, detained and arrested Plaintiff **TASHEEN DYER** when it was not right, just, lawful, proper, or necessary to do so.

43.    On July 27, 2010, defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendants **CITY OF NEW YORK** and/or **NYPD**, assaulted, battered, beat, intimidated, threatened, menaced, attacked, pushed to the ground, thrashed, recklessly pinned to the ground, negligently restrained, rendered improper treatment, shoved and pushed the Plaintiff **TASHEEN DYER**, thereby causing him to sustain severe and permanent injuries.

44.    On July 27, 2010, defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendants **CITY OF NEW YORK** and/or **NYPD**, used excessive force and deadly physical force upon the Plaintiff **TASHEEN DYER**, thereby causing him to sustain severe and permanent injuries.

45.    On July 27, 2010, employees of defendants **CITY OF NEW YORK** and **NYPD**, including defendant **POLICE OFFICER "JOHN DOE 1"**, while acting in concert, maliciously and with intent to injure Plaintiff, negligently and/or recklessly and without just cause or any right to do so, handcuffed, detained, and restrained the Plaintiff **TASHEEN DYER**, of his liberty, against the will of the Plaintiff.

46.    At no time did the Plaintiff **TASHEEN DYER** offer resistance as defendant **POLICE OFFICER "JOHN DOE 1"** arrested him.

47.    The arrest of the Plaintiff **TASHEEN DYER** by defendant **POLICE OFFICER "JOHN DOE 1"** was perpetrated without a warrant or other legal process and without probable cause.

48.    Plaintiff **TASHEEN DYER** was falsely arrested in that he was prohibited from moving from under the direct possession, control and force of the defendants.

49.    Plaintiff **TASHEEN DYER** was detained against his will without probable cause.

50.    Defendants acted maliciously and intentionally and/or negligently, recklessly and with wanton disregard for Plaintiff's health and/or physical and/or mental wellbeing.

51.    Plaintiff **TASHEEN DYER** was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendant, and was confined in the possession of defendants **CITY OF NEW YORK** and **NYPD**, including the direct possession and control of defendant **POLICE OFFICER "JOHN DOE 1"**.

52.    Defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** failed to prevent the wrongful acts of defendant **POLICE OFFICER "JOHN DOE 1"** despite having an affirmative duty to intercede and prevent misconduct committed by police officers and to intercede when it is known that excessive force has been used and medical care is being delayed.

53.    Defendants **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** failed to prevent the wrongful acts of defendant **POLICE OFFICER "JOHN DOE 1"** despite having an affirmative duty to intercede and prevent misconduct committed by police officers and to intercede when it is known that excessive force has been used and medical care is being delayed.

54.    Eventually, the Plaintiff **TASHEEN DYER**, was released from such confinement and detention.

55.    At no time were any charges against Plaintiff **TASHEEN DYER** brought, levied or filed.

56.    The foregoing enumerated acts of the defendants were all done without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

57.    Defendants **NYPD** and **CITY OF NEW YORK** have approved, condoned, and encouraged policies, customs, and practices that have allowed police officers in New York City to inflict unreasonable and unjustified physical abuse upon citizens without sanction or punishment.

58.    Defendants **NYPD** and **CITY OF NEW YORK** have approved, condoned, and encouraged policies, customs, and practices that have allowed police officers in New York City to delay and deny adequate medical care to citizens, without sanction or punishment.

59.    That the actions of all individual defendants were performed within the scope of their employment and authority, and for whose acts the defendants are liable under the *doctrine of respondeat superior*.

60.    The actions of defendants violated Plaintiff **TASHEEN DYER's** clearly established rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments of the Constitution and were the direct and proximate cause of the physical and psychological injuries sustained by Plaintiff **TASHEEN DYER**.

61.    The actions of defendants were intentional, reckless, willful, malicious, and in bad faith, thus, giving rise to punitive damages as to all defendants.

62.    By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, Plaintiff **TASHEEN DYER** suffered violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and freedom from the use of excessive, unreasonable and unjustified force, as well as violations of his civil rights under 42 U.S.C. §§ 1983 and 1985.

63.    By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, Plaintiff **TASHEEN DYER** suffered severe and permanent personal injuries and damages, and upon information and belief, will continue to suffer continuous pain and other significant bodily limitations.

64.    By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, Plaintiff **TASHEEN DYER** was caused severe and intense emotional anguish, humiliation, distress and embarrassment, personal injuries, scaring and cosmetic

deformity, required skin graft surgery, and upon information and belief, will continue to suffer same into the future.

65.     By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, Plaintiff **TASHEEN DYER** felt grave fear and intimidation for his safety and well being by virtue of the intentional, deliberate and malicious acts, and/or reckless, negligent and/or wanton disregard of the officers including the manner in which they assaulted, battered, attacked, negligently and/or recklessly restrained, pinned down to the ground and falsely arrested him.

66.     By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, Plaintiff **TASHEEN DYER** required medical attention and did necessarily pay and become liable for the costs thereof, and upon information and belief, will necessarily incur similar medical expenses in the future.

67.     By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, Plaintiff **TASHEEN DYER** did suffer a loss of earnings, and upon information and belief, will continue to incur a loss of earnings in the future.

68.     By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendant, Plaintiff **TASHEEN DYER** did suffer loss of enjoyment of life, mental anguish and distress and conscious pain and suffering.

69.     The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff **TASHEEN DYER** under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the unreasonable search and seizure of his person and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – CONSPIRACY

70.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "69", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

71.    The individual defendants, under color of law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to injure, oppress, threaten, and intimidate Plaintiff **TASHEEN DYER** in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights: to be free from the intentional use of unreasonable force; to be free from cruel and unusual punishments as a citizen; to be free from the delay and denial of medical attention; to be free from unnecessary and wanton infliction of pain; and not to be deprived of life without the due process of law.

## SECOND CLAIM FOR RELIEF

## 42 U.S.C. § 1983 – UNREASONABLE AND EXCESSIVE FORCE

72.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "71", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

73.    By their conduct, defendants, under color of law, deprived Plaintiff **TASHEEN DYER** of his constitutional rights to be free from excessive and unreasonable force when they, with complete disregard of Plaintiff's medical condition, restrained Plaintiff by means of handcuff and physical and forcible restraint while Plaintiff was immobilized and lying chest down on scalding hot blacktop and/or asphalt.

## THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – CRUEL AND UNUSUAL PUNISHMENT

74.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "73", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

75.    By their conduct, defendants, under color of law, deprived Plaintiff **TASHEEN DYER** of his constitutional rights to be free from cruel and unusual punishment as a citizen when they, with complete disregard of Plaintiff's medical condition, restrained Plaintiff by means of handcuff and physical and forcible restraint while Plaintiff was immobilized and lying chest down on scalding hot blacktop and/or asphalt.

76.    Plaintiff **TASHEEN DYER** claims damages for the injuries set forth above.

## FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT WHILE IN CUSTODY

77.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "76", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

78.    By their conduct, defendants, under color of law, deprived Plaintiff **TASHEEN DYER** of his constitutional rights to immediate medical treatment for his epileptic condition and failed to protect him once he was in custody of defendants, thus perpetuating and exacerbating his physical and mental pain and suffering.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – SUPERVISORY LIABILITY

79.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in

paragraphs "1" through "78", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

80.     By their conduct, defendants **NYPD** and **CITY OF NEW YORK**, were at relevant times, supervisory personnel with oversight responsibility for defendant **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** and defendants **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"**. They were responsible for hiring, screening, training, instructing, supervision, and discipline of the defendant **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** who brutalized and otherwise mistreated, both intentionally and negligently, Plaintiff **TASHEEN DYER**.

81.     Upon information and belief, it is believed that defendants **NYPD** and **CITY OF NEW YORK** inadequately screened and/or received complaints about the conduct of defendant **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, knew about past complaints, aberrant behavior, and disciplinary infractions, or in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed a pervasive and unreasonable risk of harm to Plaintiff **TASHEEN DYER**.

82.     Upon information and belief, it is believed that defendants **NYPD** and **CITY OF NEW YORK** knew or in the exercise of due diligence would have known that the conduct of **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** displayed toward Plaintiff **TASHEEN DYER** was likely to occur.

83.     Upon information and belief, it is believed that defendants **NYPD** and **CITY OF NEW YORK** failed to take preventative measures and remedial measures to guard against the

brutality committed by **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** and **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"**. Had they taken the appropriate actions, Plaintiff **TASHEEN DYER** would not have been injured and avoided unnecessary and wanton infliction of pain.

84.    The failure of **NYPD** and **CITY OF NEW YORK** to supervise and discipline **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, and defendants **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** amounted to gross negligence, deliberate indifference, or intentional misconduct which directly caused the injuries and deprivations suffered by Plaintiff **TASHEN DYER**.

### SIXTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 – MONELL CLAIM

86.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "85", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

87.    Prior to July 27, 2010, defendants **CITY OF NEW YORK** and **NYPD** developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Plaintiff **TASHEEN DYER's** rights.

88.    Prior to July 27, 2010, defendants **CITY OF NEW YORK** and **NYPD** developed and maintained policies and procedures that encouraged and engaged in the custom and practice of using excessive force and the mishandling of individuals with medical disabilities/infirmities.

89.    The defendants have been deliberately indifferent to the need for more or different training, rules, and regulations to prevent the use of excessive force and the mishandling of individuals with medical disabilities/infirmities.

90.    It was the policy/custom of these defendants to investigate inadequately and improperly, complaints of physical abuse, unnecessary and unreasonable force, and cruel and unusual punishments of citizens by police officers and defendant **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, and defendants **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** and complaints of improper delay and denial of appropriate medical care.

91.    Upon information and belief, it was the policy and/or custom of defendants **CITY OF NEW YORK** and **NYPD** to improperly and inadequately investigate citizen and other complaints of police misconduct, including but not limited to proper and adequate training and rendering care and aid to individuals actively suffering seizure disorder, and acts of misconduct were instead tolerated by defendants **CITY OF NEW YORK** and **NYPD**, including, but not limited to incidents where defendant and their supervisors have in the past improperly responded to, cared for and rendered aid to individuals actively suffering seizure disorder, falsely arrested such individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employee to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

92.    It was the policy and/or custom of defendants **CITY OF NEW YORK** and **NYPD** to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendant in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendants **CITY OF NEW YORK** and **NYPD** did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

93.    Acts of excessive force and brutality against citizens and gross failures to provide adequate medical care were tolerated by the defendants **CITY OF NEW YORK** and **NYPD** who substantially failed to investigative, deliberate, and discipline appropriately, personnel who engaged in such conduct.

94.    As a result of the above described policies and/or customs, police officers of the **NYPD** believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

95.    The above policies and/or customs demonstrated a deliberate indifference and reckless disregard on the part of policymakers of the defendants **CITY OF NEW YORK** and **NYPD** to the constitutional rights of persons within the City of New York, and were the cause of the violations of Plaintiff's rights alleged herein.

96.    As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and permanent personal and emotional injuries, required skin grafting and surgical revisions, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### SEVENTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS AFFORDED BY
### 42 U.S.C. § 1983 and 42 U.S.C. §1985

97.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "96", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

98.    Defendant **POLICE OFFICER "JOHN DOE 1"**, with excessive and unlawful force and conduct, assaulted, battered, falsely arrested, recklessly and negligently and with

19

wanton disregard did detain and imprison Plaintiff in violation of his federal Constitutional rights under the fourth, eighth and fourteenth amendments of the United States Constitution and in violation of 42 USC § 1983.

99.    The defendants, acting in concert and under the color of law, have deprived Plaintiff **TASHEEN DYER** of civil, constitutional and statutory rights and have conspired to deprive Plaintiff **TASHEEN DYER** of such rights and are liable to Plaintiff **TASHEEN DYER** under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

100.    As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, scarring and cosmetic deformity, required emergency medical care and attention, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## EIGHTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY AND NYPD VIOLATION OF CIVIL RIGHTS AFFORDED BY 42 U.S.C. § 1983 and 42 U.S.C. §1985

101.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "100", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

102.    Defendants **CITY OF NEW YORK** and **NYPD** knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

103.    Prior to July 27, 2010, defendants **CITY OF NEW YORK** and **NYPD** developed and maintained policies and/or customs exhibiting deliberate indifference and reckless disregard to

the federal Constitutional rights of persons in the City of New York, which policies and/or customs, including but not limited to the manner and method of responding to, handling and providing care and aid to individuals actively suffering seizure disorder, caused the violation of plaintiff's rights.

104.    Upon information and belief, it was the policy and/or custom of defendants **CITY OF NEW YORK** and **NYPD** to improperly and inadequately investigate citizen and other complaints of police misconduct, including but not limited to proper and adequate training and rendering care and aid to individuals actively suffering seizure disorder, and acts of misconduct were instead tolerated by defendants **CITY OF NEW YORK** and **NYPD**, including, but not limited to incidents where defendants and their supervisors have in the past improperly responded to, cared for and rendered aid to individuals actively suffering seizure disorder, falsely arrested such individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employee to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

105.    It was the policy and/or custom of defendants **CITY OF NEW YORK** and **NYPD** to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendant in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendants **CITY OF NEW YORK** and **NYPD** did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

### NINTH CLAIM FOR RELIEF

### PENDENT CLAIM FOR GROSS NEGLIGENCE and NEGLIGENCE

21

106.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "105", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

107.    By reason of the foregoing, defendants are liable to Plaintiff **TASHEEN DYER** for negligent and grossly negligent screening, hiring, training, discipline, and retention of defendant **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"** and defendants **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"**.

108.    As a consequence, plaintiff suffered damages.

## TENTH CLAIM FOR RELIEF

### PENDENT CLAIM OF ASSAULT, BATTERY & EXCESSIVE FORCE

109.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "108", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

110.    By their actions, as set forth above, defendants committed atrocious acts of battery against Plaintiff **TASHEEN DYER**.   This use of physical force against Plaintiff **TASHEEN DYER** was unreasonable and excessive.

111.    Defendant **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, and **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** as employees of defendants **CITY OF NEW YORK** and/or **NYPD** and/or **FDNY**, while acting in concert, assaulted, battered, beat, intimidated, threatened, menaced, chased, attacked, jumped on, pushed to the ground, pinned to the ground, thrashed, punched, burned, shoved and pushed the Plaintiff **TASHEEN DYER.**

112.    The defendants are responsible for the excessive and unnecessary physical force used by defendant **POLICE OFFICER "JOHN DOE 1"**, defendants **ARRESTING POLICE OFFICERS "JOHN DOE 1 – 5"**, and **FDNY FIRST RESPONDERS "FDNY JOHN DOE 1 – 5"** because it occurred while they were acting in the scope of their employment, specifically in the course of executing their responsibility to protect and serve the community.

113.    That the aforesaid conduct by defendant **POLICE OFFICER "JOHN DOE 1"** was without the consent of the plaintiff **TASHEEN DYER**.

114.    As a result of the excessive and unnecessary physical force used against him, Plaintiff **TASHEEN DYER** suffered severe and serious physical and mental injuries which resulted in severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## ELEVENTH CLAIM FOR RELIEF

### ASSAULT

115.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "114", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

116.    Upon approaching Plaintiff **TASHEEN DYER** and while in the process of pinning him down on the ground and detaining and arresting him, defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendants **CITY OF NEW YORK** and/or **NYPD**, while acting in concert, made Plaintiff **TASHEEN DYER** fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

117.    Said actions were excessive, unwarranted, unnecessary and violent and violated Plaintiff **TASHEEN DYER**'s rights under the United States constitution and constituted an assault under New York State law.

118.    As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, scarring and cosmetic deformity, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## TWELTH CLAIM FOR RELIEF

### BATTERY

119.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "118", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

120.    Upon approaching Plaintiff **TASHEEN DYER** and while in the process of pinning him down on the ground and detaining and arresting him, defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendants **CITY OF NEW YORK** and/or **NYPD**, while acting in concert battered, beat, intimidated, threatened, menaced, chased, attacked, jumped on, pushed to the ground, pinned to the ground, thrashed, punched, burned, shoved and pushed the Plaintiff **TASHEEN DYER.**

121.    Said actions were excessive, unwarranted, unnecessary and violent and violated Plaintiff **TASHEEN DYER**'s rights under the United States constitution and constituted an battery under New York State law.

24

122.   As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, severe and permanent personal emotional injuries, scarring and cosmetic deformity, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

<u>**THIRTEENTH CLAIM FOR RELIEF**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

123.   Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "122", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

124.   Defendants' conduct, in assaulting, battering, violating his Federal Constitutional rights, falsely arresting and imprisoning Plaintiff **TASHEEN DYER** was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

125.   Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to Plaintiff **TASHEEN DYER**.

126.   Defendants embarked on a malicious, willful, and grossly negligent course of conduct intended to cause Plaintiff **TASHEEN DYER** to suffer extreme mental and emotional distress, agony, and anxiety.

127.   One objective of this extreme and outrageous course of conduct was to inflict severe mental and emotional distress upon Plaintiff **TASHEEN DYER** so as to intimidate, terrify, and dissuade him from exposing the vicious assault inflicted upon him and the unconscionable delay and denial of medical treatment he endured.

128.   As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including

but not limited to severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FOURTEENTH CLAIM FOR RELIEF

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

129.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "128", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

130.    Defendants' conduct, in assaulting, battering, violating his Federal Constitutional rights, falsely arresting and imprisoning Plaintiff **TASHEEN DYER** was careless and negligent as to the emotional health of Plaintiff.

131.    As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FIFTEENTH CLAIM FOR RELIEF

## PENDENT CLAIMS FOR FALSE ARREST and FALSE IMPRISONMENT

132.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "131", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

26

133.    The defendants arrested, detained and imprisoned Plaintiff **TASHEEN DYER**, without warrant, and without reasonable, just or probable cause.

134.    Defendants subjected Plaintiff **TASHEEN DYER** to false arrest, imprisonment, and deprivation of liberty without probable cause.

135.    Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff **TASHEEN DYER**'s rights under the United State constitution and constituted false arrest and false imprisonment under New York State law.

136.    As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SIXTEENTH CLAIM FOR RELIEF

### PENDENT CLAIMS OF DELIBERATE INDFFIERENCE, GROSS NEGLIGENCE, AND NEGLGIENCE FOR FAILING TO CARE, PROTECT, AND OBTAIN MEDICAL TREATMENT

137.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "136", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

138.    Defendants had a duty to care, protect, and obtain medical treatment for Plaintiff **TASHEEN DYER** while he was being held within their custody.

139.    These defendants knew or should have know about the severe injuries Plaintiff **TASHEEN DYER** had suffered and were deliberately indifferent, grossly negligent, and/or negligent in their failure to protect him from injury and their failure to prevent an unconscionable

and unnecessary denial and delay in medical treatment.

## SEVENTEENTH CLAIM FOR RELIEF

### PENDENT CLAIM OF *PRIMA FACIE* TORT

140.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "139", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

141.    By their actions, as set forth above, defendants inflicted harm upon Plaintiff **TASHEEN DYER** without excuse or justification, out of disinterested malevolence.

## EIGHTEENTH CLAIM FOR RELIEF

### COMMON LAW NEGLIGENCE

142.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "141", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

143.    Defendant **POLICE OFFICER "JOHN DOE 1"** was negligent in his conduct, in causing, or allowing, the aforesaid occurrence to take place.

144.    Defendant **POLICE OFFICER "JOHN DOE 1"**, an employee of defendants **CITY OF NEW YORK** and/or **NYPD**, while acting in concert, negligently assaulted, battered, beat, intimidated, kicked, threatened, menaced, chased, attacked, burned, jumped on, pushed to the ground, and/or negligently, recklessly or with wanton disregard pinned plaintiff to the ground, arrested and imprisoned Plaintiff, thrashed, beat, punched, shoved and pushed the Plaintiff **TASHEEN DYER**.

145.    As a result of the foregoing, Plaintiff suffered injuries including but not limited to severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and

permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## NINETEENTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY AND NYPD COMMON LAW NEGLIGENCE

146.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "145", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

147.    Defendant **CITY OF NEW YORK** was negligent in its operation, management, supervision and control of defendant **NYPD**.

148.    Defendants **CITY OF NEW YORK** and **NYPD** were negligent in its hiring, training, supervising and evaluating its agents, servants and employee, including but not limited to defendant **POLICE OFFICER "JOHN DOE 1"**.

149.    As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## TWENTIETH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY AGAINST DEFENDANT CITY AND NYPD *RESPONDEAT SUPERIOR*

150.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in paragraphs "1" through "149", inclusive, of this Complaint, with the same force and effect as

though more fully set forth at length herein.

151.    Defendants **CITY OF NEW YORK** and **NYPD** are liable for the damages suffered by the Plaintiff as a result of the conduct of its agents, servants and employee, under the doctrine of *respondeat superior.*

152.    Defendants **CITY OF NEW YORK** and **NYPD** by their agents, servants and employee, subjected Plaintiff to false arrest, assault, battery, false imprisonment, violation of his Federal Constitutional rights, reckless and wanton disregard of his Federal Constitutional rights, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

153.    As a result of the foregoing, Plaintiff **TASHEEN DYER** suffered injuries including but not limited to severe and permanent personal physical injuries, scarring and cosmetic deformity, severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

**WHEREFORE**, Plaintiff demands judgment pursuant to 42 United States Code, Section 1983 and for attorneys' fees, interest, costs, disbursements under section 1988, and for his State Common Law claims, for monetary compensation, for pain and suffering and mental anguish and distress and punitive damages; and on all Claims against the Defendants, and for whatever further and other relief this court deems just and proper, together with the costs, disbursements of this action.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: New York, New York
      October 5, 2011

Respectfully submitted,

SPAR & BERNSTEIN, PC
*Attorneys for Plaintiff*

by: _____
      Adam S. Handler, AH3990

225 Broadway, 5th Floor
New York, New York 10007
Tel: 646-688-4744
Fax: 212-791-1230
Email: ahandler@lawsb.com

# EXHIBIT A



